[Cite as *State v. Buford*, **2020-Ohio-5546.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-19-1161

     Appellee                                 Trial Court No. CR0201502471

v.

Donald Buford                                **DECISION AND JUDGMENT**

     Appellant                                Decided:  December 4, 2020

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

\* \* \* \* \*

**MAYLE, J.**

{¶ 1} Defendant-appellant, Donald Buford, appeals the July 15, 2019 judgment of

the Lucas County Court of Common Pleas, finding him in violation of community control

and sentencing him to a term of 17 months at the Corrections Center of Northwest Ohio

("CCNO") as an added condition of his community control.  For the following reasons,

we affirm the trial court judgment.

# I. Background

**{¶ 2}** On September 2, 2015, Donald Buford was indicted on one count of carrying concealed weapons, a violation of R.C. 2923.12(A)(2) and (F), a fourth-degree felony (Count 1), and having weapons while under disability, a violation of R.C. 2923.13(A)(3), a third-degree felony (Count 2). He entered a plea of no contest to Count 1, and the court made a finding of guilty; Count 2 was dismissed.

**{¶ 3}** Buford was sentenced to a five-year period of community control, but was notified that in the event of a violation of community control, he would be required to serve a prison term of 17 months, which would run consecutively to a sentence imposed in Lucas County case No. CR0201202012. Buford's sentence and conviction were memorialized in a judgment entry journalized on January 3, 2017.

**{¶ 4}** On July 11, 2019, Buford admitted to a community control violation. The trial court continued community control with the added condition that Buford must serve 17 months at CCNO. Upon completion of that sentence, community control would be deemed terminated unsuccessfully. The trial court judgment was journalized on July 15, 2019.

**{¶ 5}** Buford appealed. He assigns a single error for our review:

> The Trial Court Abused its Discretion at Sentencing, by Failing to follow R.C. 2929.14(E)(4).

## II. Law and Analysis

{¶ 6} Buford's assignment of error challenges the sentence imposed by the trial court following Buford's admission that he violated the terms of community control that were originally imposed on January 3, 2017. Buford's argument on appeal is difficult to follow, however, because (1) he cites a number of inapplicable statutes (including R.C. 2929.14(E)(4), 2929.14(E)(3), 2919.14(E)(3), "R.C. (E)(3)(a), (b), and (c)," and "former" R.C. 2929.19(B)(2)(c)); and (2) he seems to misunderstand the sentence imposed following the community control violation.

{¶ 7} Ignoring the citation to the inapplicable Revised Code provisions, the statute that Buford recites in his brief is R.C. 2929.14(C)(4), pertaining to consecutive sentences. From what we are able to discern, Buford argues that the trial court failed to make the findings required to impose consecutive sentences.

{¶ 8} The July 15, 2019 judgment does not purport to impose consecutive sentences. It imposes a single 17-month term of confinement. And despite Buford's assertion to the contrary in his statement of facts, the trial court did not terminate community control—it *continued* community control "with the added condition that defendant shall serve the next 17 months at" CCNO. The trial court was permitted to do this under R.C. 2929.15(B)(1)(b) ("If the conditions of a community control sanction are violated * * *, the sentencing court may impose upon the violator * * * [a] more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility,

3.

halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code.").  The judgment specifies that only upon *completion* of that term would Buford's community control be deemed terminated.

{¶ 9} Because Buford's only challenge concerns the application of R.C. 2929.14(C)(4), which we have concluded is not implicated here because only a single sentence was imposed, we find his sole assignment of error not well-taken.

### III.  Conclusion

{¶ 10} We find Buford's sole assignment of error not well-taken.  We affirm the July 15, 2019 judgment of the Lucas County Court of Common Pleas.  The costs of this appeal are assessed to Buford under App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                 _____
                                           JUDGE
Thomas J. Osowik, J.                   

                                           _____
Christine E. Mayle, J.                   JUDGE
CONCUR.

                                           _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.